UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK DEAL<br>    Defendant. | Criminal No. 04-10185-GAO |

**MOTION OF DEFENDANT PATRICK DEAL: (1) TO REVISE CONDITIONS
OF PROBATION TO DELETE THE REQUIREMENT THAT MR. DEAL
PAY THE FEES FOR ELECTRONIC MONITORING; AND
(2) FOR FUNDS TO PAY THE COST OF THE TELEPHONE
LINE NECESSARY FOR ELECTRONIC MONITORING**

Defendant Patrick Deal ("Mr. Deal") hereby moves: (1) to revise his conditions of probation to delete the requirement that Mr. Deal pay the fees associated with electronic monitoring; and (2) for payment of the costs of the telephone service required for Mr. Deal's electronic monitoring either by Federal Probation Services, pursuant to a grant of funds under the Criminal Justice Act ("CJA"), or otherwise. Mr. Deal requests this relief because, due to his indigent status, he cannot afford the payments necessary to permit Federal Probation Services to perform the electronic monitoring required under Mr. Deal's conditions of probation.

As grounds therefore, Mr. Deal states as follows:

1. Mr. Deal pled guilty before this Court, on March 9, 2005, to a one-count Information charging him with conspiracy to deal in counterfeit obligations of the United States in violation of 18 U.S.C. § 371.

2. On July 7, 2005, this Court sentenced Mr. Deal to three years probation, with the first 12 months to include home detention with a condition of electronic monitoring. The Court further ordered that Mr. Deal was to pay the cost of his electronic monitoring.

3. Following the sentencing yesterday, the undersigned counsel learned from the United States Probation Department that the costs of electronic monitoring would include: (1) $3.47 per day (or a total of $1,266.55 for the 12-month period of electronic monitoring ordered); and (2) a payment of $15.00 for Verizon to initiate service of a home telephone line and $28.35 per month for basic telephone service (or a total of $355.20 for the entire 12-month period).

4. Mr. Deal simply cannot afford these costs. As the Presentence Report ("PSR") in this case recounts, Mr. Deal works hard at his job, but he earns only approximately $1,600 per month. His rent, utilities, transportation and auto insurance alone total almost $1,300 monthly. (PSR ¶ 75) In order to have some telephone access, Mr. Deal buys prepaid minutes on his cellular phone; he has no telephone service at his apartment because he cannot afford to pay for it. In short, it will simply be impossible for him to pay the costs associated with his electronic monitoring if he is to have basic shelter and food.

5. United States Probation Officer Joseph LaFratta, Mr. Deal's Probation Officer, has informed the undersigned that he takes no position regarding Mr. Deal's application to delete the requirement that Mr. Deal pay the costs of the electronic monitoring.

WHEREFOR, based upon the foregoing, Mr. Deal respectfully requests:

1. That the Court amend Mr. Deal's probation conditions to delete the condition requiring him to pay the cost of his electronic monitoring;

2.     That in view of Mr. Deal's indigent status, the Court order payment of the costs of the telephone service required for Mr. Deal's electronic monitoring either by Federal Probation Services, pursuant to a grant of funds under the Criminal Justice Act, or otherwise. Copies of both CJA Form 21 and the form entitled Advance Authorization For Investigative, Expert or Other Services are attached, should the Court decide to have the costs paid pursuant to the CJA.

                                                      Respectfully submitted,

                                                      PATRICK DEAL,
                                                    by his attorneys,

                                                    /s/ Diana K. Lloyd
                                                    Diana K. Lloyd (BBO# 560586)
                                                    Alton A. J. Harmon (BBO# 655832)
                                                    CHOATE, HALL & STEWART
                                                    Exchange Place
                                                    53 State Street
                                                    Boston, MA  02109
                                                    Telephone: (617) 248-5000

Dated: July 8, 2005

CJA 21 AUTHORIZATION AND VOUCHER FOR EXPERT AND OTHER SERVICES (Rev. 5/99)

| 1. CIR./DIST./ DIV. CODE<br>MAX1 | 2. PERSON REPRESENTED<br>DEAL, PATRICK | | VOUCHER NUMBER<br>1 | |
|---|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER<br>04-10185-GAO | 5. APPEALS DKT./DEF. NUMBER | | 6. OTHER DKT. NUMBER |
| 7. IN CASE/MATTER OF (Case Name)<br>United States v. Patrick Deal | 8. PAYMENT CATEGORY<br>☒ Felony ☐ Petty Offense<br>☐ Misdemeanor ☐ Other<br>☐ Appeal | 9. TYPE PERSON REPRESENTED<br>☒ Adult Defendant ☐ Appellant<br>☐ Juvenile Defendant ☐ Appellee<br>☐ Other | | 10. REPRESENTATION TYPE (See Instructions) |

11. OFFENSE(S) CHARGED (Cite U.S Code, Title & Section) If more than one offense, list (up to five) main offenses charged, according to severity of offense.
Conspiracy to deal in counterfeit obligations of the U.S.  18 USC Sect. 371

**REQUEST AND AUTHORIZATION FOR EXPERT SERVICES**

12. ATTORNEY'S STATEMENT
As the attorney for the person represented, who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:
☒ Authorization to obtain the service. Estimated Compensation and Expenses: $ 355.20  OR
☐ Approval of services already obtained to be paid for by the United States pursuant to the Criminal Justice Act. (Note: Prior authorization should be obtained for services in excess of $300, excluding expenses.)

Signature of Attorney  /s/ Diana K. Lloyd     Date 7/8/05
☒ Panel Attorney  ☐ Retained Attorney  ☐ Pro-Se  ☐ Legal Organization

ATTORNEYS NAME (First Name, M.I., Last Name, including any suffix), AND MAILING ADDRESS
Diana K. Lloyd
Choate Hall & Stewart
53 State Street, Boston, MA 02109    Telephone Number: 617-248-5163

13. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES (See Instructions)
Installation of phone service and monthly phone service for 12 months necessary to comply with court order for elec. monitor

14. TYPE OF SERVICE PROVIDER
01 ☐ Investigator
02 ☐ Interpreter/Translator
03 ☐ Psychologist
04 ☐ Psychiatrist
05 ☐ Polygraph
06 ☐ Documents Examiner
07 ☐ Fingerprint Analyst
08 ☐ Accountant
09 ☐ CALR (Westlaw/Lexis, etc.)
10 ☐ Chemist/Toxicologist
11 ☐ Ballistics
13 ☐ Weapons/Firearms/Explosive Expert
14 ☐ Pathologist/Medical Examiner
15 ☐ Other Medical
16 ☐ Voice/Audio Analyst
17 ☐ Hair/Fiber Expert
18 ☐ Computer (Hardware Software/Systems)
19 ☐ Paralegal Services
20 ☐ Legal Analyst/Consultant
21 ☐ Jury Consultant
22 ☐ Mitigation Specialist
23 ☐ Duplication Services (See Instructions)
24 ☒ Other (Specify) phone company

15. COURT ORDER
Financial eligibility of the person represented having been established to the Court's satisfaction. The authorization requested in Item 12 is hereby granted.

Signature of Presiding Judicial Officer or By Order of the Court

Date of Order      Nunc Pro Tunc Date
Repayment or partial repayment ordered from the person represented for this service at time of authorization.
☐ YES  ☐ NO

**CLAIM FOR SERVICES AND EXPENSES** | **FOR COURT USE ONLY**

| 16. SERVICES AND EXPENSES<br>(Attach itemization of services with dates) | AMOUNT CLAIMED | MATH/TECHNICAL ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|
| a. Compensation | | | |
| b. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | |
| c. Other Expenses | | | |
| GRAND TOTALS (CLAIMED AND ADJUSTED): | | | |

17. PAYEE'S NAME (First Name, M.I., Last Name, including any suffix), AND MAILING ADDRESS
Verizon
PO Box 1, Worcester, MA 01654

TIN:
Telephone

CLAIMANT'S CERTIFICATION FOR PERIOD OF SERVICE _____ TO _____
CLAIM STATUS  ☐ Final Payment  ☐ Interim Payment Number _____  ☐ Supplemental Payment

I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment (compensation or anything of value) from any other source for these services.

Signature of _(services not yet rendered)_   Date

18. CERTIFICATION OF ATTORNEY: I hereby certify that the services were rendered for this case.

Signature of /s/ Diana K. Lloyd   Date 7/8/05

**APPROVED FOR PAYMENT - COURT USE ONLY**

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOTAL AMOUNT APPROVED/CERTIFIED |
|---|---|---|---|
| | | | |

23. ☐ Either the cost (excluding expenses) of these services does not exceed $300, or prior authorization was obtained.
☐ Prior authorization was not obtained, but in the interest of justice the Court finds that timely procurement of these necessary services could not await prior authorization, even though the cost (excluding expenses) exceeds $300.

Signature of Presiding Judicial Officer      Date      Judge/Mag. Judge Code

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|
| | | | |

28. PAYMENT APPROVED IN EXCESS OF THE STATUTORY THRESHOLD UNDER 18 U.S.C. § 3006A(e)(3)

Signature of Chief Judge, Court of Appeals (or Delegate)      Date      Judge Code

# MEMORANDUM

**TO:** Chief Judge Boudin, U.S. Court of Appeals for the First Circuit

**DATE:** July 8, 2005

**FROM:** Diana K. Lloyd, Attorney for Patrick Deal

**SUBJECT:** Advance Authorization for Investigative, Expert or Other Services

It is requested that advance authorization be granted to obtain services in an amount in excess of the maximum allowed under the provisions of subsection (e)(3) of the Criminal Justice Act, 18 U.S.C. § 3006A, as follows:

Case Name & Designation: *United States of America v. Patrick Deal*, No. 04-10185-GAO

Name of Expert or Investigation or Service Provider: Verizon

Address: PO Box 1, Worcester, MA 01654 (800) 870-9999

Type of Service: telephone service to enable electronic monitoring

Reasons for Application: The District Court for the District of Massachusetts has ordered electronic monitoring as a condition of probation for the above-referenced defendant, who is my client. He is indigent and is unable to pay the cost of the telephone service necessary as part of the electronic monitoring process.

Estimated Compensation (Non-Capital Case): $ 355.20

I certify that the estimated compensation in excess of the maximum set forth in 18 U.S.C. § 3006A(e)(3) appears necessary to provide fair compensation for services of an unusual character or duration and therefore recommend approval of this advance authorization in the amount of $355.20.

Advance authorization is hereby approved in the amount of _____

_____  _____
United States District Judge         Date